IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Federico Rivera,<br><br>         Petitioner,<br><br>v.<br><br>Anthony G. Mendoza[1], Warden,<br><br>         Respondent. | C/A No. 5:21-cv-1531-SAL<br><br><br><br>**OPINION AND ORDER** |

*Pro se* petitioner Federico Rivera ("Petitioner"), a federal inmate, brings this application for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After reviewing Respondent's motion for summary judgment, ECF No. 21, and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"), which opines that this petition should be dismissed without prejudice for lack of jurisdiction. [ECF No. 28.] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation. Petitioner filed objections to the Report on December 27, 2021, to which Respondent replied on January 3, 2022. [ECF Nos. 30 & 32.] Thus, this matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The

court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Petitioner to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. In summation, the Magistrate Judge concluded that Petitioner has not met the savings clause requirements contained in 28 U.S.C. § 2255(e) and therefore this court lacks jurisdiction to consider his § 2241 petition. The Report then declined to consider any of Respondent's alternative arguments.

Petitioner sets forth two specific objections to the Report: (1) Petitioner objects to the "magistrate judge improperly determining that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law"; and (2) Petitioner "objects to the Magistrate Judge's assessment that he cannot satisfy the savings clause" found in 28 U.S.C. 2255(e). [ECF No. 30.]

Within his first objection, Petitioner avers that there are indeed genuine issues of material fact that preclude the Magistrate Judge's grant of summary judgment to Respondent. However,

the genuine issues of material fact that Petitioner then identifies relate to the merits of his substantive claim—namely that his indictment and guilty plea contained *Rehaif*[1] errors. As noted by Respondent, these arguments fail to address the Report's jurisdictional analysis. A review of the Report indicates that the Magistrate Judge never reached the merits of the petition given the conclusion that the court lacked jurisdiction to consider the petition at all. Because this objection fails to show any error in the Report's threshold jurisdictional analysis, it must be overruled.

Within his second objection, Petitioner argues that the Magistrate Judge incorrectly concluded that he failed to meet the savings clause of 28 U.S.C. § 2255(e). Specifically, Petitioner argues that the second prong of the *In Re Jones* test does not require that he first exhaust all avenues for relief under a direct appeal or § 2255 prior to asserting a writ of habeas corpus pursuant to § 2241.

As an initial matter, it appears that this objection is not proper. Petitioner admits that this objection is basically an "echo" of his initial reply regarding this matter. [ECF No. 30, p. 3.] Mere reassertions of previous arguments do not constitute specific objections. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). Although this objection is subject to dismissal on this ground alone, the court will nevertheless address it.

A petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which states:

---

[1] *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court held the Government must prove, in a prosecution under 18 U.S.C. § 922(g)(1), both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).[2]

Despite Petitioner's objection to the contrary, the Magistrate Judge correctly held that Petitioner cannot show that § 2255 is inadequate to test the legality of his conviction and sentence. As numerous courts have held, Petitioner's failure to pursue an initial § 2255 motion forecloses his ability to satisfy the second prong of *In Re Jones*. *See, e.g.*, *Glenn v. Barnes*, No. 6:20-cv-2025, 2021 WL 3190405, at *2 (D.S.C. July 28, 2021); *Cruz v. Warden FCI Bennettsville*, No. 1:20-cv-2625, 2021 WL 1169161, at *2 (D.S.C. Mar. 26, 2021). A review of the Report shows that the Magistrate Judge correctly found that Petitioner failed to file an initial § 2255 with his sentencing court and he is therefore prevented from filing the instant § 2241 motion.

---

[2] Although the Report also addresses the test set forth in *U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018), *Wheeler* involves challenges to sentences. Because Rivera is instead challenging a conviction, *Jones* provides the applicable test. However, this petition would fail the *Wheeler* test for the same reasons discussed herein.

5

The Report also correctly concludes that, to the extent Petitioner argues his § 2255 remedy is inadequate or ineffective because his time to file a § 2255 motion has expired, this argument is without merit. The Fourth Circuit has unequivocally held that "§ 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n.5 (finding that a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective").

Apart from his mere disagreement with these conclusions, Petitioner offers no authority to support his position that the Magistrate Judge incorrectly applied *In Re Jones*. Accordingly, his objections are overruled.

For claims that are not properly brought under § 2241, a petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). In some cases, dismissing a petition would likely leave the petitioner time-barred from filing a section 2255 motion in the sentencing court, and thus, it is in the interest of justice to construe the petition as a section 2255 motion and transfer the petitioner's claim to the sentencing court where his claim may be heard on the merits. *See Bailey v. Warden*, No. 7:20CV00284, 2021 WL 138855, at *1 (W.D. Va. Jan. 14, 2021); *Tucker v. Young*, No. 5:20-CV-00297, 2020 WL 9455056, at *4 (S.D.W. Va. Dec. 4, 2020), *report and recommendation adopted*, No. 5:20-CV-00297, 2021 WL 1823009 (S.D.W. Va. May 6, 2021). Here, even if recharacterized as a § 2255 motion, the Petition would not be timely in the sentencing court because the Fourth Circuit has not made *Rehaif* retroactive on collateral review. *Asar v. Travis*, No. 6:20-cv-00394, 2020 WL 3843638, at *2 (D.S.C. July 8, 2020); *Rozier v. Breckon*, No. 7:19-cv-00545, 2020 WL 5790413, at *3 (W.D. Va. Sept. 28, 2020); *Waters v. United States*, No. 4:15-cr-158, 2019 WL 3495998, at

*5 (D.S.C. Aug. 1, 2019). The proper disposition is therefore dismissal of the petition for lack of jurisdiction.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the court hereby adopts the Report and Recommendation, ECF No. 28. For the reasons discussed above and in the Report, Respondent's motion for summary judgment, ECF No. 21, is granted and the Petition is dismissed without prejudice for lack of jurisdiction.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**

January 11, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

---

1. Rivera is an inmate at FCI Williamsburg. When he filed his petition, he named then-Warden Bryan Dobbs as the respondent. Since then, Anthony Mendoza has become the Acting Warden. Because this action is against a federal official in his official capacity, Mendoza is hereby substituted as the respondent under Federal Rule of Civil Procedure 25(d).

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."